IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY WRIGHT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1486-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Rickey Wright seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including dementia, depression, high blood pressure, and degenerative joint disease.[1] After his application for SSI benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on September 20, 2005. At the time of the hearing, plaintiff was 50 years old. He has a high school education and no relevant past work experience. Plaintiff has not engaged in substantial gainful activity since June 1, 2003.

---

[1] Plaintiff also suffers from arthritis, chest pain, dizziness, lower back pain, alcohol-related liver disease, and an atrophied left arm.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from back and shoulder impairments, a depressive disorder, and polysubstance abuse, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a wide range of light work. Given his age, education, and exertional capacity for light work, the judge determined that plaintiff was not disabled under the Medical-Vocational Guidelines. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In three grounds for relief, plaintiff contends that: (1) the ALJ erred in relying solely on the Medical-Vocational Guidelines to determine whether he could perform gainful and substantial work in the national economy; (2) the ALJ failed to give proper weight to the opinions of his treating physicians; and (3) the ALJ did not properly evaluate his subjective complaints of pain and other nonexertional limitations.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the

evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ erred in relying solely on the Medical-Vocational Guidelines to determine whether he could perform gainful and substantial work in the national economy. The Medical-Vocational Guidelines were promulgated to promote consistency and uniformity in the determination of disability decisions at the fifth step of the sequential evaluation process. SSR 83-10, 1983 WL 31251 at *8 (1983). The ALJ first classifies the claimant according to age, education,

prior work experience, and residual functional capacity, and then compares this vocational profile to the appropriate grid set forth in the Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). A finding of "disabled" or "not disabled" is required if the claimant's vocational profile coincides with the factors specified in the grid. *Id.* § 200.00(d). However, "use of the grid rules is only appropriate 'when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity.'" *Watson v. Barnhart*, 288 F.3d 212, 216-17 (5th Cir. 2002), *quoting Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999). Where both exertional and nonexertional limitations exist, the ALJ must rely on a vocational expert to determine whether the claimant can perform other work in the national economy. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Loza v. Apfel*, 219 F.3d 378, 399 (5th Cir. 2000).

Here, the ALJ found that plaintiff suffers from a depressive disorder and polysubstance abuse. (Tr. at 19). As a result of these conditions, the judge noted that plaintiff has mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence and pace, which "have more than a minimal adverse effect on the [his] ability to perform the basic activities of work." (*Id.*). Such limitations are nonexertional in nature. *See* 20 C.F.R. 416.969a(c) (defining "nonexertional limitation" as one that "affect[s] your ability to meet the demands of jobs other than the strength demands"). Despite these findings, the ALJ relied on the Medical-Vocational Guidelines, without evidence from a vocational expert, to determine whether plaintiff could perform gainful and substantial work in the national economy. (*See id.* at 22-23).[2] This legal error necessitates a remand. *See Allsbury v.*

---

[2] The court recognizes that, in another part of the hearing decision, the ALJ found that plaintiff's residual functional capacity for light work "has not been compromised by any nonexertional limitations." (Tr. at 23). However, this finding is not supported by substantial evidence to the extent it conflicts with the ALJ's finding that plaintiff's

*Barnhart*, 460 F.Supp.2d 717, 727 (E.D. Tex. 2006) (ALJ's reliance on Medical-Vocational Guidelines was improper in light of evidence from multiple sources and his own finding that plaintiff suffered mental impairments that limited her ability to perform work-related activities); *Robinson v. Barnhart*, 248 F.Supp.2d 607, 623 (S.D. Tex. 2003) (same); *Benson v. Commissioner*, No. 9-02-CV-57, 2004 WL 3237348 at *5 (E.D. Tex. Aug. 30, 2004) (same).

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

SO ORDERED.

DATED: May 24, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

impairments "have more than a minimal adverse effect on the [his] ability to perform the basic activities of work." (*Id.* at 19). *See Bagwell v. Barnhart*, 338 F.Supp.2d 723, 734 (S.D.Tex. 2004) (substantial evidence did not support determination that claimant was capable of performing light work where ALJ's findings as to residual functional capacity were internally inconsistent).

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.